IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION, DAYTON

| | |
|---|---|
| OLIVIA CLARK, | Case No.: 3:15-cv-00001-TMR |
| Plaintiff, | Judge Thomas M. Rose |
| v. | |
| COMMUNITY HEALTH CENTERS OF GREATER DAYTON, | **STIPULATED PROTECTIVE ORDER** |
| Defendant. | |

Plaintiff Olivia Clark ("Plaintiff") and Defendant Community Health Centers of Greater Dayton ("Defendant"), by their undersigned counsel, hereby agree to the following Stipulated Protective Order to be entered in this case protecting the confidentiality of certain documents that may be produced by and among the parties to this lawsuit (the "Lawsuit") that relate to the parties' proprietary business or other confidential information:

1. As used herein, "Confidential Information" means any documents or things, answers to questions propounded in a deposition, answers to interrogatories, responses to requests for admission or production, or other disclosure of information which is considered confidential trade secrets, personal, personnel, medical, business or commercial information, or to embody confidential trade secrets, personal, personnel, business or commercial information.

2. All materials designated as "Confidential Information" pursuant to this Stipulated Protective Order will have stamped or printed thereon "CONFIDENTIAL" or in the case of depositions, as provided at Section 7 below.

3. Confidential Information shall not be used or disclosed by any person or entity for any purpose whatsoever other than the preparation for and trial of this Lawsuit, including any appeals.

4. Use of Confidential Information:

(a) Confidential Information may be disclosed only to the following:

(1) Counsel for Plaintiff; counsel for Defendant; counsel for Plaintiff's or Defendant's partners, associates and supporting personnel (e.g., clerical, secretarial, and paralegal personnel) to whom Confidential Information is provided and to whom disclosure is reasonably deemed necessary by said counsel for the conduct of this Lawsuit. Said counsel and such supporting personnel shall hold the Confidential Information in confidence and shall not disclose it to any other person, directly or indirectly, not authorized to receive it under this Stipulated Protective Order;

(2) Any party who is bound by the terms of this Stipulated Protective Order, but only to the extent that such disclosure is reasonably deemed necessary by that party's counsel for the conduct of this Lawsuit, and provided further that a party may retain documents containing Confidential Information only so long as is necessary for the conduct of this Lawsuit;

(3) Any person whose testimony is taken or to be taken in this Lawsuit, but only to the extent that such disclosure is necessary for the conduct of this Lawsuit; and, provided further, that such a person may only be shown copies of documents containing Confidential Information during his testimony and in consultation with counsel, and may not retain any such documents or copies, summaries or extracts thereof. The disclosure of Confidential Information during testimony shall not waive the confidential nature of such Information;

    (4) Any expert or consultant who is retained by a party or its counsel in order to assist in the conduct of this Lawsuit, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for the performance of such assistance. Such expert or consultant may retain documents containing Confidential Information only so long as is necessary for the performance of such assistance;

    (5) Court reporters while in the performance of their official duties; and

    (6) This Court or any court to which any appeal of this Lawsuit is taken.

  (b) As to any person referred to in subparagraphs (a)(3) and (a)(4) above to whom Confidential Information may be shown, the attorney of record making the disclosure shall:

    (1) inform each such person that such Confidential Information is confidential, to be held in confidence, to be used solely for the purpose of preparing for and presenting evidence in this Lawsuit; and

    (2) inform each such person that these restrictions are imposed by a stipulated protective order.

 5. Third parties producing documents in the course of this action may also designate documents they produce as "CONFIDENTIAL" subject to the same protections and constraints as the parties to the action.

 6. All documents and all briefs and other papers containing, referring to or otherwise disclosing Confidential Information which are filed with (or otherwise submitted to) the Court shall be filed or submitted under seal and shall not be disclosed except as provided in this Order.

All such documents titled with or submitted to the Court shall be conspicuously marked "CONFIDENTIAL" prior to such filing or submission and shall be accompanied by a written request by the party filing or submitting the documents that the documents be placed under seal. In the event that any Confidential Information is used or disclosed in any hearing, at trial or in any other manner, such information shall not lose its confidential status by reason of such use or disclosure, and counsel utilizing such information shall take all steps reasonably required to protect the confidentiality of the information during such use or disclosure.

7. Deposition testimony shall be deemed "CONFIDENTIAL" only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as "CONFIDENTIAL." Thereafter, any portions of deposition transcripts so designated shall be protected as "CONFIDENTIAL" pending objection, under the terms of this Order.

8. No person shall make copies, extracts or summaries of documents containing Confidential Information except under the supervision or direction of counsel when, in the judgment of counsel, such copies of other papers are necessary for the conduct of this Lawsuit. Each such copy or other paper shall be conspicuously marked with an appropriate legend signifying its confidential status. Counsel and all other persons to whom Confidential Information is disclosed as permitted herein shall take reasonable and appropriate precautions to avoid loss and inadvertent disclosure of materials containing Confidential Information.

9. Nothing in this Order shall be construed as a waiver by Plaintiff or Defendant of their right to object to any request for discovery on any grounds that may be available. This Stipulated Protective Order shall not be construed as an agreement by Plaintiff or Defendant to produce any documents or to supply any information, and shall not constitute an admission that

any documents or information which may exist are relevant to the issues raised in this or any other litigation or a waiver of any privilege or immunity with respect thereto. Plaintiff and Defendant reserve the right to seek further and additional protection from the Court in connection with any documents and other information.

      10.    Both Plaintiff and Defendant intend to preserve the attorney-client and all other applicable privileges with regard to documents and information produced in this case. If a producing party discovers that it has produced a document subject to a good faith claim of privilege, the producing party shall immediately notify the receiving party. The receiving party shall return the challenged document within five (5) business days and shall certify to the producing party that it has not retained any copies or excerpts of information contained in the document. Such return by the receiving party shall not constitute any admission of the privileged status of the document and shall not prejudice the receiving party's right to seek production of the document on any grounds through an appropriate application to the Court.

      11.    Any designation of confidentiality by one party may be challenged by another party. In any court proceeding to determine confidentiality, the party asserting that documents or things contain Confidential Information shall have the burden of proof. The party making such challenge shall first consult with the other party in an attempt to resolve the dispute. In the event the parties are unable to resolve the dispute, the party making the challenge shall submit the matter to the Court within fourteen (14) days of receipt of the material designated confidential for a prompt resolution. Pending such resolution by the Court, the information in question shall continue to be treated as Confidential Information, as the case may be, in accordance with the provisions of this Order.

12. Within thirty (30) days after final termination of this Lawsuit, by judgment, order, compromise, or settlement, counsel for each of the parties shall return to the person or entity producing it all Confidential Information in its possession or which was provided by such counsel to any other person pursuant to the terms of this Stipulated Protective Order or destroy such Confidential Information.

13. All persons and entities to whom any Confidential Information is disclosed shall be bound by the terms of this Order.

14. This Stipulated Protective Order is subject to modification by the Court or upon motion of the parties.

**STIPULATED AND AGREED TO BY:**

s/ Kenneth J. Heisele
Kenneth J. Heisele, Esq.
John R. Folkerth, Jr., Esq.
Weprin and Folkerth LLC
500 Performance Place
109 North Main Street
Dayton, OH  45402
Telephone:   (937) 260-4200
Facsimile:    (937) 260-4201
kheisele@wfrlawyers.com
jfolkerth@wfrlawyers.com

*Attorneys for Plaintiff*

s/ Janay M. Stevens (*via email authorization*)
Janay M. Stevens (0090515)
Dinsmore and Shohl
191 W. Nationwide Blvd., Suite 300
Columbus, OH 43215
Phone: (614) 628-6887
Fax: (614) 628-6890
janay.stevens@dinsmore.com

*Attorney for Defendant*

**IT IS SO ORDERED:**

s/Sharon L. Ovington
Sharon L. Ovington
Chief United States Magistrate Judge

March 18, 2015